**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREGORY A. MADEJ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRADLEY J. ROBERT, as Warden )<br>of Centralia Correctional Center, )<br>)<br>Respondent. ) | No. 07 C 3549<br><br>Judge Edmond E. Chang |

**MEMORANDUM OPINION AND ORDER**

Petitioner Gregory Madej seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 80-year extended-term sentence for first-degree murder.[1] Madej claims that the sentencing court failed to find that aggravating factors warranting an extended sentence existed beyond a reasonable doubt as required by 725 ILCS 5/111-3(c-5) of the Illinois Code of Criminal Procedure. The state court's defiance of the state sentencing statute's heightened burden of proof requirement, Madej argues, deprived him of his liberty interest under the Due Process Clause. For the reasons explained more fully below, Madej's petition is denied.

**I. Background**

The facts in the underlying criminal case are not disputed. Following a bench trial in 1982, Gregory Madej was convicted and sentenced to death for the murder, armed robbery, rape, and deviate sexual assault of 38-year-old Barbara Doyle. *People v. Madej*, No. 1-04-2467 (Ill. App. Ct. June 30, 2006). The facts presented at trial

---

[1] Jurisdiction is proper under 28 U.S.C. § 2241.

established that Madej was arrested on August 23, 1981, after evading police in a high-speed car chase. *Id.* The police found both Madej's person and the inside of the vehicle he was driving covered with the victim's blood. *Id.* The vehicle was later determined to belong to Doyle. *Id.* The police also found a large knife and the victim's clothing inside the vehicle. *Id.* Shortly thereafter, Barbara Doyle's naked body was found in an alley on the northwest side of Chicago. *Id.* She had been stabbed and slashed approximately 34 times, and semen was found in her vagina and rectum. *Id.* Madej claimed that he had had consensual sex with Doyle on the morning in question, and that he killed her in self-defense during a drug deal gone awry. *Id.*

The state trial court found Madej guilty of murder, armed robbery, and rape. *People v. Madej*, 478 N.E.2d 392, 394 (Ill. 1985) (*Madej I*). Madej waived his right to a jury determination for both capital eligibility and sentencing. *Id.* at 395. The court accordingly found Madej eligible for the death penalty beyond a reasonable doubt under Illinois' felony murder statute, 720 ILCS 5/9-1(b)(6)(c), because Madej had murdered Doyle in the course of committing two felonies (armed robbery and rape). *Id.* at 393-94. Following a sentencing hearing, the court sentenced Madej to death on the murder count and concurrent 30-year terms of imprisonment for armed robbery and rape. *Id.* at 394.

## II. Procedural History

Since the time of the trial, Madej has embarked on a long and convoluted journey seeking both direct and collateral review of his conviction and sentence. Petitioner first appealed directly to the Illinois Supreme Court, which affirmed his

2

convictions and sentences. *Id.* at 401. The United States Supreme Court denied Madej's petition for writ of certiorari in 1985. *Madej v. Illinois*, 474 U.S. 935 (1985). Petitioner then filed a post-conviction petition in the Circuit Court of Cook County, which was denied. *People v. Madej*, 685 N.E.2d 908, 914 (Ill. 1997) (*Madej II*). The Illinois Supreme Court affirmed, and the United States Supreme Court again denied certiorari on April 27, 1998. *Madej v. Illinois*, 523 U.S. 1098 (1998).

Madej then sought a writ of habeas corpus in this Court, raising thirty-one grounds for relief. *United States ex rel. Madej v. Gilmore*, 2002 WL 370222 (N.D. Ill. Mar. 8, 2002). The previously-assigned district judge granted the petition in part, and ordered a new capital sentencing hearing in light of the ineffective assistance of counsel that Madej had received at the aggravation/mitigation stage of his sentencing hearing. *Id.* at *38. The state trial court's death-eligibility finding, however, was left undisturbed. *Id.* at *29. Before the re-sentencing could occur, then-Illinois Governor George Ryan commuted Petitioner's death sentence to natural life imprisonment. *People v. Madej*, No. 1-04-2467 (Ill. App. Ct. June 3, 2006). The order of commutation was upheld in *People ex rel. Madigan v. Snyder*, 804 N.E.2d 546, 559 (Ill. 2004), but the United States Court of Appeals for the Seventh Circuit ordered the State to re-sentence Madej anyway, since he could conceivably receive a sentence less than natural life imprisonment. *Madej v. Briley*, 371 F.3d 898, 899 (7th Cir. 2004).

At Madej's re-sentencing hearing in June 2004, the parties agreed that, under the first-degree murder sentencing statute, Madej could be sentenced to (1) 20 to 40 years; (2) a 40 to 80 year extended sentence; or (3) natural life. The relevant state

sentencing statute provided that first-degree murder is punishable by 20 to 40 years' imprisonment, but if the court finds that the murder was accompanied by "exceptionally brutal or heinous behavior indicative of wanton cruelty," the court may sentence the defendant to a term of natural life imprisonment. 730 ILCS 5/5-8-1(a)(1)(b). Petitioner argued that under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), any extended term sentence could only be imposed after a court found beyond a reasonable doubt that Madej's crime was exceptionally brutal or heinous and indicative of wanton cruelty. *People v. Madej*, No. 1-04-2467 (Ill. App. Ct. June 30, 2006). The State, relying on the Illinois Supreme Court's decision in *People v. Ford*, 761 N.E.2d 735 (Ill. 2001), argued that once a defendant has been found death-eligible beyond a reasonable doubt, no available sentence—including an extended-term sentence—could possibly exceed the disputed and prescribed maximum sentence, and therefore *Apprendi* did not apply. *Id.* at 738. After declining to impose natural life imprisonment, the court re-sentenced Petitioner to an extended term of 80 years after finding by a preponderance of the evidence that Madej's actions were exceptionally brutal or heinous. *Id.* The state court did not explicitly find that the state had failed to prove that the crime was exceptionally brutal or heinous beyond a reasonable doubt; instead, the state court did not say one way or the other, and simply found that the state had proven the factor by a preponderance of the evidence.

Petitioner appealed, arguing that he had a constitutionally-protected liberty interest in having the "brutal or heinous" aggravating factors proved beyond a reasonable doubt as a precondition of the sentencing court imposing an extended-term

4

sentence under the state sentencing statute, 725 ILCS 5/111-3(c-5). *Id.* Section 111-3(c-5) of the Illinois Code of Criminal Procedure provides that

> in all cases in which the death penalty is not a possibility, if an alleged fact (other than the fact of a prior conviction) is not an element of the offense but is sought to be used to increase the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for the offense, the alleged fact must be . . . submitted to the trier of fact as an aggravating factor, and proved beyond a reasonable doubt.

725 ILCS 5/111-3(c-5). Petitioner contended that section 111-3(c-5) gave rise to a liberty interest, and by refusing to hold the State to the beyond-a-reasonable-doubt standard, the sentencing court had denied him due process of law in violation of the Supreme Court's decisions in *Apprendi* and *Hicks v. Oklahoma*, 447 U.S. 343 (1980). *People v. Madej*, No. 1-04-2467 (Ill. App. Ct. June 30, 2006). The Illinois Appellate Court affirmed the 80-year sentence, holding that "[t]he statutory maximum sentence that defendant faced here was natural life imprisonment. Since his sentence . . . did not increase that penalty, neither *Apprendi* nor its statutory counterpart, section 111-3(c-5), required that the brutal and heinous factor relied upon to impose the extended term sentence be proved beyond a reasonable doubt." *Id.*

Madej again unsuccessfully petitioned the Illinois Supreme Court for leave to appeal, *People v. Madej*, No. 103166 (Ill. 2004), as well as the United States Supreme Court for certiorari, *Madej v. Illinois*, 550 U.S. 972 (2007), thus bringing us up to date on Madej's legal journey. On June 25, 2007, Madej filed the instant habeas petition under 28 U.S.C. § 2254, raising substantially the same claim that he raised in the state appellate court: namely, that the imposition of an extended-term sentence without

5

finding the existence of exceptionally heinous or brutal conduct beyond a reasonable doubt violated his due process liberty interest. R. 7, Pet'r's Br. ¶ 19.

### III. Legal Standard

Madej's § 2254 petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. *See Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Benefiel v. Davis*, 357 F.3d 655, 659 (7th Cir. 2004). Under the AEDPA, a federal district court may issue a writ of habeas corpus when a prisoner is in state custody pursuant to a state court judgment obtained "in violation of the Constitution or the laws and treaties of the United States." 28 U.S.C. § 2254(a). "The relevant decision for purposes of federal habeas review is the decision of the last state court to rule on the merits of the petitioner's claim." *Eichwedel v. Chandler*, 696 F.3d 660, 671 (7th Cir. 2012) (internal quotations and citations omitted). Moreover, the Court may only review a state prisoner's habeas claims after he has exhausted his state remedies, *see* 28 U.S.C. § 2254(b)(1)(A).

The scope of federal review of a habeas petition under § 2254 is narrow, *U.S. ex rel. Guirsch v. Battaglia*, 2007 WL 4557819, at *4 (N.D. Ill. Dec. 20, 2007), and the burden of proof falls on the petitioner to show that he is entitled to relief. *Cullen v. Pinholster*, ——U.S.——, 131 S. Ct. 1388, 1398 (2011). A federal court may not grant habeas corpus relief unless the state court decision (1) was contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state

6

court proceeding. 28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law when the court applies a rule that contradicts the governing law set forth by the Supreme Court or, on facts materially indistinguishable from the facts of an applicable Supreme Court precedent, reaches a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Similarly, a state court decision unreasonably applies clearly established law when it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *U.S. ex rel. Hampton v. Leibach*, 347 F.3d 219, 245 (7th Cir. 2003). "This reasonableness determination is quite deferential, such that a state decision may stand as long as it is objectively reasonable, even if the reviewing court determines it to be substantively incorrect." *Barrow v. Uchtman*, 398 F.3d 597, 602 (7th Cir. 2005); *accord Williams*, 529 U.S. at 410 ("[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." (emphases in original)). A state court's decision must lie "well outside the boundaries of permissible differences of opinion" to be found objectively unreasonable. *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009) (quotations omitted).

### IV. Analysis

Madej argues that the sentencing judge's refusal to hold the State to the beyond-a-reasonable-doubt standard on the "brutal or heinous" nature of the offense was contrary to *Apprendi* and *Hicks* because of the liberty interest created by 725 ILCS 5/111-3(c-5). Pet'r's Br. ¶ 17. It is not clear from the Petitioner's brief whether he is

7

raising a direct *Apprendi* challenge in addition to his due process liberty interest claim, so to the extent he is raising both, the Court will address each claim in turn.

## A. *Apprendi* Claim

In *Apprendi v. New Jersey*, the Supreme Court held that the Sixth Amendment's jury-trial guarantee requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.[2] For purposes of *Apprendi*, the relevant "statutory maximum" is the "maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis in original). Here, Madej asserts that because 730 ILCS 5/5-8-1(a)(1) provides that first-degree murder shall be punishable by 20 to 40 years' imprisonment unless the court finds that the crime was accompanied "exceptionally brutal or heinous behavior indicative of wanton cruelty," the court could not have imposed any sentence over 40 years in compliance with *Apprendi* without finding the "brutal or heinous" factor beyond a reasonable doubt. Pet'r's Br. ¶ 16.

However, having specifically argued in state court that he was *not* bringing an *Apprendi* challenge, *see People v. Madej*, No. 1-04-2467 (Ill. App. June 30, 2006). ("[D]efendant does not claim that the imposition of his extended term sentence violated the due process clause of the United States Constitution, as interpreted in *Apprendi*

---

[2]The Fourteenth Amendment's due process clause incorporates the Sixth Amendment's right to a jury trial as against the States. *Apprendi*, 530 U.S. at 477 n.3.

*v. New Jersey . . . .*"), Madej has waived any *Apprendi*-based argument in federal court. *See Whipple v. Duckworth*, 957 F.2d 418, 420 (7th Cir. 1992) ("Ordinarily a prisoner who seeks federal habeas relief must raise his federal claims in state court before proceeding to federal court." (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)), *overruled on other grounds by Eaglin v. Welborn*, 57 F.3d 496 (7th Cir. 1995). This was not a mere procedural default, that is, a failure to bring the claim in state court; Madej expressly disclaimed that he was bringing an *Apprendi* claim under the Sixth Amendment. His line of attack was that the Illinois statute, 725 ILCS 5/111-3(c-5), created a liberty interest protected by the Due Process Clause.

Even if Madej's *Apprendi* claim had not been waived, however, it still could not pass muster under § 2254(d), because the Illinois Appellate Court's holding was neither contrary to nor an unreasonable application of Supreme Court precedent. As several other courts have held, *Apprendi* is simply inapplicable to a defendant who is found death-eligible beyond a reasonable doubt but sentenced to an extended term of years, because any "brutal and heinous" finding does not increase his sentence above the statutory ceiling (here, death).[3] *See, e.g.*, *White v. Battaglia*, 454 F.3d 705, 707 (7th Cir.

---

[3]There may be a separate, independent reason why *Apprendi* is inapplicable: Madej waived his right both to a jury trial as well as a jury determination of death eligibility. *Apprendi* specifically entitles a criminal defendant to have any fact that increases the penalty for a crime beyond the prescribed statutory maximum submitted *to a jury* and proved beyond a reasonable doubt. Having waived his right to a jury for both the guilt and sentencing phases of his trial, Madej cannot assert his *Apprendi* right after-the-fact. *See, e.g.*, *People v. Smith*, 785 N.E.2d 76, 79 (Ill. App. Ct. 2003) (noting that the petitioner waived the right to have aggravating facts proven to a jury when he elected a bench trial); *People v. Jones*, 749 N.E.2d 1021 (Ill. App. Ct. 2001) (*Apprendi* held not to apply to defendant's sentence of natural life for first-degree murder where state proved beyond a reasonable doubt that defendant committed aggravated vehicular hijacking, which is an aggravating factor permitting the imposition of

9


2006); *United States ex rel. Williams v. Pierce*, 2010 WL 1838645, at *4 (N.D. Ill. May 5, 2010); *People v. Ford*, 761 N.E.2d 735, 738-39 (Ill. 2001).

In *White v. Battaglia*, a federal habeas case involving the same state sentencing statutes and nearly identical facts, a petitioner was convicted of first-degree murder and found eligible for death after waiving his right to a jury determination of both his sentence and his death eligibility. 454 F.3d at 706. The judge declined to impose the death sentence, but nonetheless sentenced him to 80 years after finding that the murder had been accompanied by exceptionally brutal or heinous behavior. In seeking habeas relief, the petitioner argued that his sentence violated *Apprendi*, and that he could not have been sentenced to more than 60 years had it not been for the findings of "brutal and heinous" factors outlined in the first-degree murder sentencing statute, 730 ILCS 5/5-5-3/2(b)(2). The Seventh Circuit disagreed, noting that the death-eligibility finding authorized a sentence of anywhere from 20 years to natural life if no death sentence were imposed. *Id.* at 707. *White* reasoned that the "brutal or heinous" enhancement applied to only first-degree murder rather than capital murder, and thus could not meaningfully add years to the capital murder maximum of natural life. *Id.* Citing the Illinois Supreme Court's decision in *People v. Ford*, 761 N.E.2d 735 (Ill. 2001), the court held that the trial court's subsequent finding of the "brutal or heinous"

death, and the defendant waived his jury right to a death-eligibility determination); *cf. United States v. Leyva*, 2002 WL 31056694, at *2 (N.D. Ill. Sept. 13, 2002) (defendant's very entry into a plea agreement, including its waiver of jury trial, takes *Apprendi* out of play).

factor did not increase petitioner's sentence above the statutory ceiling, and that *Apprendi* was inapplicable. *Id.*

Similarly, in *United States ex rel. Williams v. Pierce*, a petitioner was convicted of first-degree murder and armed robbery, and waived his jury right to a death eligibility determination. 2010 WL 1838645, at *4. The state trial court found the petitioner to be eligible for the death penalty, but instead sentenced him to natural life. Finding by a preponderance of the evidence that the murder had been committed with "exceptionally brutal or heinous behavior," however, the state court imposed an extended-term sentence of 70 years under 730 ILCS 5/5-8-1(a)(1)(b), which petitioner contended on appeal was in violation of his *Apprendi* rights. The state appellate court rejected the argument, concluding that the aggravating "brutal or heinous" factor necessary to impose an extended term of years did not increase the statutory maximum (natural life) faced by the petitioner. On habeas review, the federal court held that the state court's holding was neither contrary to nor an unreasonable application of Supreme Court precedent, and that *Apprendi* was simply inapplicable. *Id.* at *4. Accordingly, to the extent that Madej mounts an *Apprendi*–based challenge to his sentence, he has not shown that the imposition of his extended-term sentence violated his right to a jury trial, let alone that the Illinois state courts unreasonably concluded otherwise.[4]

---

[4]The Court notes that habeas relief is also warranted if the state court made an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). But because a reviewing habeas court must presume state factual findings to be correct unless the petitioner rebuts the presumption by clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1); *Miller-El v. Dredke*,

11

## B. Due Process Liberty Interest Claim

Madej's primary contention is that section 111-3(c-5), which requires any aggravating factor that would extend the defendant's sentence beyond the statutory maximum to be proved beyond a reasonable doubt, created a liberty interest protected by the Due Process Clause, separate and apart from the protection of the right to a jury trial as interpreted by *Apprendi*. Madej argues that, by refusing to hold the State to the beyond-a-reasonable-doubt standard on the "brutal or heinous" factor, the state sentencing court denied him due process of law in violation of the United States Supreme Court's decision *Hicks v. Oklahoma*.

In that case, the United States Supreme Court held that when a state vests sentencing power in the trial jury by statute, a defendant has a "substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion." *Hicks*, 447 U.S. at 346. But in challenging the Illinois Appellate Court's decision—which, as mentioned above, is the only relevant decision for purposes of federal habeas review, *Eichwedel*, 696 F.3d at 671—Madej is blocked from invoking federal habeas review of the merits of his due process claim. This is because the Illinois Appellate Court held as a matter of *state* law that section 111-3(c-5) is inapplicable to the facts at hand, and the Court must defer to state courts' interpretations of state laws. *See United States ex rel.*

---

545 U.S. 231, 240 (2005); *Morgan v. Hardy*, 662 F.3d 790, 797 (7th Cir. 2011), and because Madej has advanced no arguments to rebut this presumption, habeas relief is unavailable to Madej under this theory.

*Sprinkle v. Dawson*, 2012 WL 1985896, at *4 (N.D. Ill. June 4, 2012); *see also Williams v. Lane*, 826 F.2d 654, 659 (7th Cir. 1987) ("Federal courts do not sit to correct errors made by state courts in the interpretation and application of state law.") (internal citations omitted).

Specifically, in evaluating Madej's liberty interest claim, the Illinois Appellate Court noted that the plain language of section 111-3(c-5) demonstrates that the statute "merely codified the holding of *Apprendi* that 'other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *People v. Madej*, No. 1-04-2467 (Ill. App. Ct. June 30, 2006) (citing *Apprendi*, 530 U.S. at 468-469).[5] The state court thus held that section 111-3(c-5) did not create any burden-of-proof obligations over and above what was announced in *Apprendi*, and that so long as Madej's sentence comported with *Apprendi*, it was also proper under section 111-3(c-5). *Id.* Relying on the Illinois Supreme Court's decision in *People v. Ford*, 761 N.E.2d 735 (Ill. 2001), which held that *Apprendi* did not apply to an extended-term sentence imposed on a criminal defendant who was previously found death-eligible beyond a reasonable doubt, the Illinois Appellate Court held that neither *Apprendi* nor section 111-3(c-5) required the State to prove "brutal or heinous behavior" beyond a reasonable

---

[5]This conclusion is supported by several other Illinois Appellate Court decisions. *See, e.g., People v. Mimes*, 953 N.E.2d 55, 64 (Ill. App. Ct. 2011); *People v. Crutchfield*, 820 N.E.2d 507, 515-16 (Ill. App. Ct. 2004); *People v. Smith*, 798 N.E.2d 831, 833 (Ill. App. Ct. 2003) ("Section 111-3(c-5) provides for the procedural safeguards of *Apprendi* requires where the prosecution seeks to use a fact to increase the range of penalties for the offense beyond the normal statutory maximum.").

doubt. *Id.* In other words, because section 111-3(c-5) was drafted to be coextensive with the requirements of *Apprendi*, and because existing case law establishes that *Apprendi* does not apply to petitioner's sentence, section 111-3(c-5) is inapplicable to the facts at hand. The original trial court's finding of death eligibility beyond a reasonable doubt, coupled with then-Governor Ryan's subsequent commutation of Madej's sentence to natural life, meant that the statutory maximum, for both *Apprendi* and section 111-3(c-5) purposes, was natural life imprisonment. Any term-of-years sentence imposed thereafter thus cannot exceed the statutory maximum, rendering the heightened standard of proof required under *Apprendi* and section 111-3(c-5) inapplicable.

So the Illinois Appellate Court ruled as a matter of state law that 111-3(c-5) is inapplicable to Madej's sentence because the court interpreted 111-3(c-5) to do nothing more than what *Apprendi* does, and Madej had (and has) disclaimed an *Apprendi* challenge. Put another way, Madej's argument that the state created a liberty interest in the procedure set forth by 111-3(c-5) must fail because the state courts have ruled that the 111-3(c-5) does not apply to him at all, and federal courts are bound by that interpretation of state law. The only state criminal defendants who could conceivably assert a due process claim of the sort that Madej would like to advance are those defendants who actually can invoke the state procedure and yet the State arbitrarily denies them the procedure, which is what the United States Supreme Court said happened in *Hicks*. That did not happen to Madej because the Illinois Appellate Court interpreted his situation as not being covered by 111-3(c-5) at all. His due process claim thus fails.

## V. Conclusion

For the foregoing reasons, Madej's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [R. 7] is denied.

ENTERED:

*Edmond E. Chang*
_____
Honorable Edmond E. Chang
United States District Judge

DATE: January 29, 2013